### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| **Brett Madeker,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 24-cv-03296 |
| | ) |
| **State of Illinois, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Brett Madeker's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (d/e 2) and Motion to Request Counsel (d/e 3). For the following reasons, Plaintiff's Motions (d/e 2, 3) are DENIED as moot, and the Complaint (d/e 1) is DISMISSED with prejudice.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets such [movant] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, Section 1915(e)(2) ensures careful threshold scrutiny of the complaint filed

by an *in forma pauperis* (IFP) plaintiff by requiring the Court to dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hoskins v. Pelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). As a result, prior to addressing Plaintiff's Motion for Leave to Proceed IFP (d/e 2) and Motion to Request Counsel (d/e 3), the Court examines Plaintiff's Complaint (d/e 1).

A *sua sponte* dismissal of a pro se IFP complaint as frivolous is appropriate under 28 U.S.C. § 1915 if "the petitioner can make no rational argument in law or facts to support his claim for relief." Jones v. Morris, 777 F.2d 1277, 1279–80 (7th Cir. 1985); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios"). "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007). A court assessing a claim under § 1915 "is not

bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). A court in its discretion can "pierce the veil" of the alleged facts and dismiss claims for factual frivolousness. Neitzke, 490 U.S. at 327.

Plaintiff's action fails to state a nonfrivolous claim. Plaintiff filed this action against the State of Illinois, John Durbin, Robin Elam, Jeremy Durbin, Ashley Hicks, Rita Gruhl, Junior Williams, Betty Williams, Luke Dunaway, Erich Kraemer, Fritz Kraemer, Rachael Russell, Jared Morrison, Jennica Sefton and William Koonce (collectively, "Defendants"). d/e 1, p. 3. He alleges that employees for the state of Illinois "implanted [him] all over [his] body," "recently tried to make [him] deathly sick" and "violated all of [his] civil rights." Id. at 2. Plaintiff asserts that John Durbin, a state agent, and several associates caused him "bodily harm for over 9 years" through mental and physical abuse, as well as "violat[ing] all [his] civil rights by stalking and threatening [him]." Id.

Further, Plaintiff alleges that Defendants "tried to kill [him] with electronics" and "arrested [him] because [he] narced out a private device being used in [his] body." Id. at p. 5. "They turned on a very loud RFID [radio frequency identification] to make everyone [hear him]," "turn[ed] on loud engines that would hurt [his body]," "raped [him] and violated [his] civil rights," and "stole thought processes for robotics." Id. at p. 6. Plaintiff seeks compensatory damages for $100 billion.

Plaintiff's allegations "make no rational argument in law or facts to support his claim for relief." Jones, 777 F.2d at 1279–80; see, e.g., Fillmer v. Claims Unit Division of Risk Mgmt., No. 4:23-cv-04183-SLD-JEH, 2024 WL 84188 (C.D. Ill. Jan. 8, 2024) (dismissing a case as factually frivolous where plaintiff alleged he was subjected to surveillance and harassment by government agents appearing as voices in his head); Armstrong v. U.S. Fed. Gov't, No. 4:23-cv-04139-SLD-JEH, 2023 WL 7005376 (C.D. Ill. Oct. 24, 2023) (dismissing a case as factually frivolous where plaintiff alleged that he was a victim of mind control that caused him to commit acts and caused incidents to happen to him); Moore v. Roth, Nos. 90 C 1097, 90 C 1098, 90 C 1099, 90 C 1163, 90 C

1179, 90 C 1183, 90 C 1207, 90 C 1210 and 90 C 1248, 1990 WL 60735, at *1 (N.D. Ill. April 24, 1990) ("[a]llegations that some government official has installed radiation devices in a plaintiff's . . . brain . . . are clearly in the realm of the delusional.").

Accordingly, Plaintiff's action (d/e 1) is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (d/e 2) and Motion to Request Counsel (d/e 3) are DENIED as moot. The Court DIRECTS the Clerk to close the case and enter judgment accordingly.


**IT IS SO ORDERED.**
**ENTERED: November 1, 2024.**
**FOR THE COURT**

                                          */s/ Sue E. Myerscough*
                                          **SUE E. MYERSCOUGH**
                                          **UNITED STATES DISTRICT JUDGE**